### 53865. JONES v. CRANMAN'S SPORTING GOODS et al.

QUILLIAN, Presiding Judge.

The plaintiff brought a complaint in Chatham Superior Court against Cranman's Sporting Goods and Garcia Corporation, seeking damages for injuries sustained on August 11, 1974, when a rifle he had purchased from Cranman's exploded during loading. It was alleged that Garcia was the manufacturer of the rifle in question; that Garcia sold the rifle to Cranman's and at the time the product was not merchantable and reasonably suited to the use it was intended for and was in fact in a defective condition; that the plaintiff had no knowledge of the defective condition and was not warned by either of the defendants that any defect might exist; that Cranman's sold the rifle and ammunition to be used with the rifle and thus there was an implied warranty of merchantability that the goods sold were fit for the ordinary purposes for which such goods are used; that Cranman's breached the contract of implied warranty and fitness in not inspecting the goods before sale; that the defective condition of the rifle, the acts and failure to act

by both defendants were the proximate cause of the plaintiff's injury. The complaint then set forth injuries and damages incurred by the plaintiff and sought recovery in the amount of $80,995.95.

The defendants' answers denied the material allegations of the plaintiff's complaint. After discovery, the filing of interrogatories, affidavits, and depositions, the defendants moved for summary judgment. After a hearing, the trial judge granted each of the defendants' motions for summary judgments and the plaintiff appeals to this court. *Held:*

No question is made that the plaintiff purchased both the gun and the ammunition from Cranman's. Subsequently, the gun was fired once in the plaintiff's presence. Sometime thereafter, the plaintiff, having obtained a scope for the weapon, decided to fire it, but upon placing the ammunition in the weapon and attempting to close the bolt the rifle exploded causing injuries to the plaintiff's right hand.

In considering this case, we repeat the time honored concept that "the party opposing the motion for summary judgment is entitled to all reasonable doubts and favorable inferences that may be drawn from the evidence." *Mixon v. Phoenix Landscaping,* 136 Ga. App. 344, 345 (221 SE2d 225). Here, since each of the defendants stands in a different relation to the plaintiff we treat them separately.

1. Defendant Cranman's.

(a) Between the buyer and the merchant seller of goods there is an implied warranty of fitness. Georgia UCC § 109A-2—314 (2) (c) (Code Ann. § 109A-2—314 (2) (c); Ga. L. 1962, pp. 156, 189).

In this regard, the thrust of the principal contention made by the defendant is that it was not given notice as required by Georgia UCC § 109A-2—607 (3) (Code Ann. § 109A-2—607 (3); Ga. L. 1962, pp. 156, 215). This section requires that a buyer must, within a reasonable time after discovery of a breach, notify the seller of the breach or be barred from any remedy. Remedy is defined as "any remedial right to which an aggrieved party is entitled with or without resort to a tribunal." Georgia UCC § 109A-1—201 (34) (Code Ann. § 109A-1—201 (34); Ga. L.

1962, pp. 156, 161; 1963, pp. 188, 189).

The Official Comment to the Uniform Commercial Code with regard to § 2-607 reads: "The time of notification is to be determined by applying commercial standards to a merchant buyer. 'A reasonable time' for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the *rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy.* The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched." (Emphasis supplied.) 2 Anderson, Uniform Commercial Code 204, § 2-607:1 (4).

In this case the record is silent as to the precise time notice was given to the defendant. Since the burden was on the defendant to establish that no notice was given, summary judgment would not be proper as to this issue. Furthermore, the question of a reasonable time and reasonable notice would be for the jury.

It is argued that the proof offered by the plaintiff failed to establish that the rifle was defective. The fact that the rifle exploded during loading was some evidence that it was unfit for the ordinary purpose for which it was intended. See the analogous situation in *Fender v. Colonial Stores, Inc.,* 133 Ga. App. 31 (225 SE2d 691). Moreover, on summary judgment the burden was upon the defendant, as movant, to positively establish that there was no defect, and that there was no breach of the implied warranty under Georgia UCC § 109A-2—314. *Parson v. Central of Georgia R. Co.,* 129 Ga. App. 218 (1) (199 SE2d 396); *Wheat v. Montgomery,* 130 Ga. App. 202, 206 (202 SE2d 664); *Prairieland Broadcasters of Ga. v. Thompson,* 135 Ga. App. 73 (217 SE2d 296).

The movant failed to show that the plaintiff could not recover on the basis of implied warranty.

(b) The evidence further showed that an employee of Cranman's inspected the rifle before delivering it to the plaintiff. This fact is disputed by the president of Cranman's but for the purposes of summary judgment will be assumed to be true. Having made an inspection, Cranman's would be liable for any patent defect which the

inspection might reveal and could be negligent for not discovering such defects as might reasonably have been unearthed. See *Home Owners Loan Corp. v. Brazzeal,* 62 Ga. App. 683, 692 (9 SE2d 773); *Palagano v. Georgian Terrace Hotel Co.,* 123 Ga. App. 502, 506 (181 SE2d 512). The defendant Cranman's also failed to establish, as a matter of law, that it was not negligent so as to authorize the grant of a summary judgment.

2. Defendant Garcia.

Garcia contends that it was not liable under the theory of implied warranty.

A question was raised in the court below as to whether Garcia was the manufacturer of the rifle. In argument before this court, plaintiff's counsel conceded that the weapon was manufactured by a foreign corporation.

What then is Garcia's status? The record does reveal the weapon was accompanied by a card which expressly stated the rifle was "fully guaranteed" by Firearms International Corp. By affidavit the plaintiff related: "That it has come within my knowledge and belief from information supplied to me by the Defendants that Firearms International Corporation is a wholly owned subsidiary of Defendant Garcia Corporation and now goes under the name F-I Industries, Inc."

The concept of "piercing the corporate veil, or disregarding the corporate entity" is well settled in our law. United States v. Milwaukee Refrigerator Transit Co., 142 F 247; United States v. Hudgins-Dize Co., 83 FSupp. 593, 598. Georgia has recognized the rule of disregarding corporate fiction (*Liberty Lumber Co. v. Silas,* 181 Ga. 774 (184 SE 286)) where a corporation has overextended its privileges in use of the corporate entity in order to defeat justice, to perpetrate fraud, or to evade contractual or tort responsibility. Nadler, Georgia Corporation Law 71, § 61.

As held in *Schwob Mfg. Co. v. Huiet,* 69 Ga. App. 285 (1) (25 SE2d 149): "[U]pon equitable principles the legal entity of a corporation may be disregarded when it is the mere alter ego or business conduit of an individual, or when the motion of its legal entity is used to defeat public conveniences, justify wrong, protect fraud, or defend

crime." This court stated in *Condenser Service &c. Co. v. Brunswick Port Authority*, 87 Ga. App. 469, 474 (74 SE2d 398): "By whatever means the conclusion to disregard corporate entity is arrived at, when it is reached it merely means that under the facts of the case the person or corporation in control of the subservient corporation is held liable for the acts or omissions of the subservient corporation." As held in *Midtown Properties, Inc. v. Geo. F. Richardson, Inc.*, 139 Ga. App. 182, 185 (228 SE2d 303): "Whether or not the corporate entity should be disregarded depends upon the particular circumstances involved, and in this case, is a matter properly for the jury."

Since the evidence is not conclusive so as to prevent a jury from "disregarding the corporate fiction," we may therefore infer that Firearms International as a subsidiary was a mere conduit of Garcia and that the acts of one were the acts of the other. Garcia would therefore be considered the distributor and would have "fully guaranteed" the rifle. As a distributor Garcia would be considered a remote seller. There is nothing in the Uniform Commercial Code to prevent it from being liable for express or implied warranty; indeed, the modern trend in the United States is that a remote seller may be liable and that vertical privity is not required. See cases cited in 1 Anderson, Uniform Commercial Code 571, § 2-314:47. However, Georgia has a different rule; for, in this state privity is required in order to impose liability under the theory of express or implied warranty. *Chaffin v. Atlanta Coca Cola Bottling Co.*, 127 Ga. App. 619, 620 (194 SE2d 513); *Weaver v. Ralston Motor Hotel*, 135 Ga. App. 536, 539 (218 SE2d 260); *Ellis v. Rich's, Inc.*, 233 Ga. 573 (212 SE2d 373).

Nevertheless, this court has held: "[W]here an automobile manufacturer, through its authorized dealer issues to a purchaser of one of its automobiles from such dealer admittedly as a part of the sale a warranty by the manufacturer running to the purchaser, privity exists and Code § 109A-2—314 becomes operative." *Chrysler Corp. v. Wilson Plumbing Co.*, 132 Ga. App. 435, 437 (208 SE2d 321). Accord, *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 783 (62 SE2d 198); *Ford Motor Co. v. Lee*, 137 Ga.

App. 486, 488 (224 SE2d 168) (affirmed in part; reversed on other grounds, *Ford Motor Co. v. Lee,* 237 Ga. 554 (229 SE2d 379)). Thus, although Garcia is not the manufacturer we find the principle involved to be analogous. The weapon here was "fully guaranteed" by the distributor to the ultimate consumer. As such it became part of the bargain of sale and thus privity existed. The statement fully guaranteeing the rifle failed to limit the warranty made or to exclude any implied warranties. Therefore, Garcia could be liable under either § 109A-2—313 or § 109A-2—314. Garcia, as movant, had the burden of establishing the nonexistence of plaintiff's right to recover and the evidence here failed to meet that criteria.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 20, 1977 — REHEARING DENIED JULY 14, 1977 —

*Smith & Portman, Ralph R. Lorberbaum, Barnard M. Portman,* for appellant.
*Lee & Clark, Fred Clark,* for appellees.