## 64871. ODEN & SIMS USED CARS, INC. v. THURMAN.
## 64872. THURMAN v. MARTIN BURKS CHEVROLET, INC.
### et al.

Pope, Judge.

These appeals arise out of the same lawsuit in which plaintiff Thurman filed an action against defendants Martin Burks Chevrolet, Inc. and Oden & Sims Used Cars, Inc. Plaintiff sought to recover damages against Oden & Sims on a contract claim and against both defendants on a tort claim. The trial court directed a verdict in favor of both defendants as to the tort claim, and the jury returned a verdict of $2,000 in favor of plaintiff against Oden & Sims on the contract claim. The parties adversely affected by these rulings bring these appeals.

### Case No. 64871

1. Oden & Sims enumerates three errors, the first of which concerns the trial court's denial of its motion for directed verdict and subsequent motion for judgment notwithstanding the verdict. Three grounds are asserted in support of this enumeration. Since our decision as to the first ground is dispositive of this case, we do not reach the merits of the remaining grounds and other enumerations.

Oden & Sims asserts that plaintiff did not meet his burden of proof as to the giving of notice pursuant to Code Ann. § 109A-2—607 (3) (a) (now OCGA § 11-2-607 (3) (a)), to wit: "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy. . . ." We agree with Oden & Sims that this provision of the Uniform Commercial Code is applicable to this case. See 67 AmJur2d 658, Sales, § 486. But see W. S. Maxwell Co. v. Southern Oregon Gas Corp., 158 Or. 168 (74 P2d 594; 114 ALR 697) (1937), decided under the Uniform Sales Act (pre-UCC), for the proposition that notice of breach of warranty of title is unnecessary.

Between a buyer and a merchant seller of goods there is a warranty of title. Code Ann. § 109A-2 — 312 (now OCGA § 11-2-312). Plaintiff's contract action against Oden & Sims was for damages for breach of this warranty. A condition precedent to bringing this action was that plaintiff must have notified Oden & Sims of the breach within a reasonable time thereof. Code Ann. § 109A-2—607 (3) (a); see *Jones v. Cranman's Sporting Goods,* 142 Ga. App. 838 (1) (237 SE2d 402) (1977). The content of the notification needed merely to have been sufficient to have informed Oden & Sims that the transaction was " 'still troublesome and must be watched.' " *Jones v.*

*Cranman's Sporting Goods,* supra at 840. Such notification did not need to have been in writing. See *Warren's Kiddie Shoppe v. Casual Slacks,* 120 Ga. App. 578 (2) (171 SE2d 643) (1969). The record discloses, however, that plaintiff gave no notice whatsoever to Oden & Sims regarding the breach of warranty of title. Plaintiff argues on appeal that even if notice were not given, Oden & Sims had actual knowledge of the breach.

"Section 2-607 [of the UCC] expressly requires notice of 'any' breach. [Official] Comment 4 says that notice 'need only be such as informs the seller that the transaction is claimed to involve a breach.' The express language of the statute and the official comment mandate notice regardless whether either or both parties had actual knowledge of breach. [Cit.]

"We also note that this same result would take place under § 2-607's predecessor, section 49 of the Uniform Sales Act. Judge Learned Hand's oft-quoted words applying section 49 are equally applicable here: 'The plaintiff replies that the buyer is not required to give notice of what the seller already knows, but this confuses two quite different things. The notice "of the breach" required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach. The purpose of the notice is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning.' American Mfg. Co. v. United States Shipping Board E. F. Corp., 7 F2d 565, 566 (2d Cir. 1925), cited with approval in Columbia Axle Co. v. American Automobile Ins. Co., 63 F2d 206 (6th Cir. 1933). [Cits.]

"An examination of the policy reasons which underlie 2-607 further support our view. Notice of breach serves two distinct purposes. First, express notice opens the way for settlement through negotiation between the parties. [Cits.] Second, proper notice minimizes the possibility of prejudice to the seller by giving him 'ample opportunity to cure the defect, inspect the goods, investigate the claim or do whatever may be necessary to properly defend himself or minimize his damages while the facts are fresh in the minds of the parties.' Note, *Notice of Breach and the Uniform Commercial Code,* 25 U.Fla.L. Rev. 520, 522 (1973)." Standard Alliance Indus. v. Black Clawson Co., 587 F2d 813, 825-6 (6th Cir. 1978), cert. den. 441 U. S. 923 (1979); see Clow Corp. v. Metro Pipeline Co., 442 FSupp. 583 (3) (N. D. Ga. 1977).

Since there was no conflict in the evidence as to plaintiff's failure to give notice pursuant to Code Ann. § 109A-2 — 607, the trial court erred in denying Oden & Sims' motion for directed verdict and subsequent motion for judgment notwithstanding the verdict. Clow

Corp. v. Metro Pipeline Co., supra; Cotner v. Int'l Harvester Co., 260 Ark. 885 (545 SW2d 627) (1977). Cf. *Gordon v. Carter,* 126 Ga. App. 343 (1) (190 SE2d 570) (1972). Therefore, the judgment of the trial court is reversed with direction that judgment be entered in accordance with said motions.

*Case No. 64872*

2. Defendants' motion to dismiss this appeal is denied.

3. Plaintiff's first two enumerations of error challenge the correctness of the trial court's directing a verdict in favor of the defendants as to his tort claim. Plaintiff contends that his evidence set forth a cause of action for malicious arrest and/or malicious prosecution against both defendants.

The evidence showed that in November of 1977 defendant Oden & Sims picked up a 1970 Volkswagen from the premises of defendant Martin Burks. On December 15, 1977 Martin Burks reported this vehicle as stolen to the Forest Park Police Department. The Forest Park police then entered the vehicle as stolen into the national and state computer systems. On January 7, 1978 plaintiff purchased the subject vehicle from Oden & Sims for $700 plus title and documentary fees and sales tax of $38. Plaintiff paid $700 in cash at the time of sale but did not pay any of the other charges. At this time plaintiff received a bill of sale and was told that the certificate of title would be mailed to him at a later date.

At approximately 2:30 a.m. on January 23, 1978 plaintiff was arrested by two police officers in Forsyth, Georgia. The reason he was arrested was that he was in possession of the subject vehicle which had been reported as stolen by Martin Burks. He was eventually released from custody at approximately 9:00 a.m. that same day after the Forsyth police had been informed by the Forest Park police that there was insufficient cause to continue holding him. This conclusion by the Forest Park police was based on their investigation which was instigated when the Forsyth police related that plaintiff had a bill of sale for the vehicle from Oden & Sims. Martin Burks advised the Forest Park police that Oden & Sims might have picked up the subject vehicle by mistake.

Harold R. Oden, co-owner of Oden & Sims, testified that he picked up the subject vehicle from Martin Burks in November of 1977 and that he did not speak with anyone at that time. He explained that the keys were in the automobile at that time and that it was likely parked on the back line with the other wholesale merchandise. He testified that he had given Martin Burks a sight draft in payment for the vehicle a day or two before he picked it up. He was told sometime thereafter by his co-owner Sims that the

vehicle had been reported stolen. He then contacted Martin Burks to explain how and why Oden & Sims had the vehicle. Oden & Sims issued a replacement draft to Martin Burks dated January 21, 1978, two days before plaintiff was arrested. Finally, Oden testified that if he had not left a draft with Martin Burks before he picked up the subject vehicle, he would not have had the right to sell it.

We agree with defendants that plaintiff did not establish the tort of malicious prosecution because there was no evidence of a "prosecution" as defined in Code Ann. § 105-805 (now OCGA § 51-7-42). *South Ga. Grocery Co. v. Banks,* 52 Ga. App. 1, 6 (182 SE 61) (1935). We also agree with defendants that plaintiff did not establish the tort of malicious arrest because plaintiff's arrest was not made under civil process. See *Waters v. Winn,* 142 Ga. 138 (1) (82 SE 537) (1914). Nor did plaintiff's evidence make out a case for false imprisonment, there being no evidence that plaintiff's detention was commanded, requested or directed by defendants. See *Webb v. Prince,* 62 Ga. App. 749 (1) (9 SE2d 675) (1940); see also *Melton v. LaCalamito,* 158 Ga. App. 820 (4b) (282 SE2d 393) (1981). Notwithstanding plaintiff's failure to establish his claim under any pertinent theory of intentional tort, we find that he did set forth sufficient evidence on a theory of negligence to withstand defendants' motions for directed verdict.

A directed verdict should be granted only "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." Code Ann. § 81A-150 (a) (now OCGA § 9-11-50 (a)). The entire thrust of the complaint in this case is that defendants' actions in regard to the subject vehicle amounted to the tort of negligence by which plaintiff was injured. See generally Code Ann. §§ 105-103 and 105-104 (now OCGA §§ 51-1-6 and 51-1-8 respectively); see also *Stewart v. Williams,* 243 Ga. 580 (1) (255 SE2d 699) (1979). The evidence produced by plaintiff at trial, as set forth above, certainly did not demand a verdict in favor of defendants on the issue of negligence. See, e.g., Madison v. Orleans Datsun, Inc., 405 S2d 350 (4) (La. App. 1981); Firstley v. Bill Watson Ford, Inc., 268 S2d 314 (1) (99 ALR3d 1106) (La. App. 1972).

4. In light of our holding in Division 1 of this opinion, we need not address the merits of plaintiff's remaining enumeration of error.

*Judgment reversed with direction in case no. 64871; judgment affirmed in part and reversed in part in case no. 64872. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1983.

*James F. Stovall III,* for appellant (case no. 64871).

*Thomas J. Cullen, C. Lawrence Jewett, Jr.,* for appellant (case no. 64872).

*Thomas J. Cullen, C. Lawrence Jewett, Jr., Michael J. Gorby,* for appellee (case no. 64871).

*Gene A. Major, James F. Stovall III, Michael J. Gorby,* for appellees (case no. 64872).