69486, 69487. AVANTI GROUP (USA), LTD. v. HART, SCHAFFNER & MARX et al; and vice versa.
(328 SE2d 433)

POPE, Judge.

These appeals come from a grant by the trial court of partial summary judgment to Hart, Schaffner and Marx (HSM) and A. L. Zachry Company (Zachry II) against The Avanti Group (USA), Ltd. (Avanti) on the theory of constructive eviction by reason of denial of reasonable access to facilities in the downtown J. P. Allen Store. In Case No. 69486, Avanti appeals from this grant; in Case No. 69487, HSM and Zachry II appeal from the trial court's denial of HSM's motion to dismiss and the denial of the remaining portions of its motion for summary judgment.

Although the record numbers in excess of 3,600 pages, we can outline the facts necessary to understand our decision. Essentially,

the dispute arose over corporate maneuvers involving the J. P. Allen stores and the effect these maneuvers had upon a license agreement between Avanti and J. P. Allen, a division of the former A. L. Zachry Company (Zachry I). Zachry I was a wholly owned subsidiary of HSM. In October 1982 Zachry I was lessee of the premises at 215 Peachtree Street in Atlanta (downtown store). On the premises, it operated a store for women's clothing, J. P. Allen, and a store for men's clothing, Zachry's. In October 1982 Zachry I created a new corporation, ALZ, Inc., which later changed its name to A. L. Zachry Company. We will follow the parties' example and refer to it as Zachry II. On October 8 Zachry I transferred the assets of the men's store and the leasehold interest in the premises to Zachry II. All of the stock of Zachry II was obtained by HSM. All of the stock of Zachry I was sold to Charming Shoppes, Inc.

1. In its complaint Avanti alleges that the maneuvers set out above resulted in actions which breached the terms of the license agreement by which Avanti operated its fur salon in the downtown store. Avanti alleges that the actions of HSM and Zachry I and II restricted its access to the downtown store, curtailed reasonable movement for operation of the business within the store, and generally restricted Avanti from reasonably operating its business in the downtown store after October 8, 1982. Avanti also alleges that HSM and Zachry I and Zachry II committed fraud in the negotiation of the renewal of the license agreement which was signed approximately one month before the sale of Zachry I.

There is no merit to Avanti's argument that the trial court overstepped its authority by ruling on the issue of constructive eviction. HSM and Zachry II moved for summary judgment as to all issues; this included the theory of constructive eviction. The trial court granted partial summary judgment to HSM and Zachry II on the theory of constructive eviction by reason of denial of reasonable access to the downtown facilities. HSM and Zachry II argue that summary judgment was proper because the license terminated on October 8, 1982. They point to the provision in the license agreement which reads: "26. SUBORDINATION TO PRIMARY LEASE. Notwithstanding the foregoing, it is agreed between the parties that this agreement is in all events subject and subordinate to the terms of Licensor's arms-length leases with respect to Licensor's retail stores . . . [S]hould Licensor's right of occupancy be terminated for any reason, or if Licensor in its sole discretion shall elect to close or abandon any store . . . this Agreement shall terminate with respect to the fur department in the store so closed." Section 19 of the agreement gives the Licensor (Zachry I) the unqualified right to assign or transfer its rights under the agreement. By the terms of the purchase agreement signed and closed on October 8, 1982 between Charming Shoppes,

Inc. and HSM, Charming acquired all of the stock and assets of Zachry I. Charming was granted the right to occupy the premises for a period of up to six months to wind down the operation of J. P. Allen.

HSM argues that by operation of Section 26 of the license agreement set out above, the license terminated on October 8 because Zachry I lost its leasehold rights when it transferred them to Zachry II. We cannot agree. Section 26 says that if J. P. Allen's right of occupancy is terminated for any reason, or if J. P. Allen closes or abandons the store, the license ends. On October 8, 1982 J. P. Allen became a wholly owned subsidiary of Charming. The purchase agreement gave Charming, and hence its subsidiary, J. P. Allen, a right of occupancy in the premises for six months from the date of purchase. Thus, J. P. Allen's right of occupancy extended until April 1983. The parties agree that the J. P. Allen store did not close until long after October 8, 1982. Therefore, by the clear terms of the license, it was still in effect after October 8, 1982.

However, it was in effect between Avanti and Zachry I, which would be renamed Fashion Bug of Georgia, Inc. With the sale of Zachry I, HSM cut any possible tie to the license agreement. Since Zachry I retained the J. P. Allen operation at the time it created Zachry II, clearly Zachry II was not a party, assignee or transferee to the license agreement. In its complaint, Avanti alleges acts which it says breached the license agreement beginning on or after October 8, 1982. Since we find that the license continued after the sale of Zachry I to Charming, but went with Zachry I to Charming, and that after October 8 there is no evidence of any possible connection of HSM and Zachry II, neither HSM nor Zachry II can be liable for any breach of the license agreement. Nor can they be liable for any constructive eviction possibly caused by the actions of Charming or Zachry I. Therefore, we find that the trial court did not err in granting partial summary judgment, but it did err in not going far enough. Both HSM and Zachry II are entitled to summary judgment on all claims by Avanti relating to alleged breaches of the license agreement on or after October 8, 1982, the date of sale of Zachry I to Charming.

2. Resolution of HSM's argument that the trial court erred in denying its motion to dismiss for lack of personal jurisdiction requires a three-step analysis. First, did the trial court err in striking portions of an affidavit by Carey M. Stein. The court apparently struck the portions of the affidavit as hearsay and of no probative value. The affidavit is stated to be on personal knowledge; the portions struck related to established accounting principles of HSM relating to its subsidiaries and the independence maintained by officers of HSM and its subsidiaries. Avanti introduced evidence contrary to the averments including the deposition of Stein which casts some doubt on the basis

for some of the averments. However, we think that this simply creates a factual issue and goes to the weight of the evidence and not to its admissibility.

The second step in the analysis is whether the trial court was correct in concluding there was evidence to authorize the piercing of the corporate veil between HSM, a foreign corporation not authorized to do business in this state, and its subsidiaries, Zachry I, a Georgia corporation, and Zachry II, also a Georgia corporation. "It is true that the separate identity of a subservient corporation is not destroyed *merely* by the fact that it is used by the parent for the parent's ends, [cit.] or even by the fact that they have the same officers . . . [Cit.] 'To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.' [Cits.]" *Trans-American Communications v. Nolle*, 134 Ga. App. 457, 459-60 (214 SE2d 717) (1975).

Avanti has adduced evidence tending to show that HSM owns all of the stock of Zachry II, and owned all of the stock of Zachry I; HSM and Zachrys I and II share common officers and directors; HSM has treated the property of Zachrys I and II as its own; and the executives of Zachrys I and II did not and do not act independently, but that all major decisions are made by executives of HSM in the interest of HSM. "Whether or not the corporate entity should be disregarded depends upon the particular circumstances involved, and in this case, is a matter properly for the jury." *Midtown Properties v. George F. Richardson, Inc.*, 139 Ga. App. 182, 185 (228 SE2d 303) (1976). See also *Jones v. Cranman's Sporting Goods*, 142 Ga. App. 838 (2) (237 SE2d 402) (1977). The trial court did not err in finding that the issue of the piercing of the corporate veil remains for the jury. Consequently, it did not err in denying HSM's motion to dismiss. If the jury finds that HSM and Zachry I or Zachry II are alter egos, then HSM would be transacting business within the state and personal jurisdiction would attach.

In summary, we hold that the trial court correctly granted partial summary judgment to HSM and Zachry II, but erred in not going far enough. We find no genuine issue of material fact and that both HSM and Zachry II are entitled to judgment as a matter of law in regard to constructive eviction and all other alleged breaches of the license agreement, since Avanti complains only of breaches of the agreement which occurred on or after October 8, 1982. However, the trial court correctly ruled in regard to the issue of personal jurisdiction over HSM, and there remain issues of fact in regard to Avanti's fraud

claim against both HSM and Zachry II.

*Judgment affirmed in Case No. 69486; affirmed in part and reversed in part in Case No. 69487. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 13, 1985.

*C. B. Rogers, John J. Almond,* for appellant (case no. 69486).
*Daniel S. Reinhardt, Hugh M. Worsham, Jr.,* for appellees.
*David A. Handley, Hugh M. Worsham, Jr.,* for appellants (case no. 69487).
*Daniel S. Reinhardt, William N. Withrow, Jr., C. B. Rogers, John J. Almond,* for appellee.