A89A0420. AMATULLI IMPORTS, INC. v. HOUSE OF PERSIA, INC.
(383 SE2d 192)

Carley, Chief Judge.

Appellant-plaintiff, a wholesaler, sold two shipments of oriental rugs to appellee-defendant, a retailer. The first shipment was made in October of 1981. Appellant received $12,808.80 from appellee as payment in full for this shipment. The second shipment was made in August of 1983. Appellee has not paid any portion of the $11,125 contract price for the August 1983 shipment. In an effort to resolve the dispute regarding payment for the second shipment, appellant signed

a written agreement in February of 1984. In that agreement, appellant acknowledged that it would accept the return of both shipments of rugs, and would issue appellee a refund and a credit. By August of 1984, however, appellee had not returned the rugs, and appellant demanded payment for the second shipment. Not until November of 1984 did appellee attempt to return the rugs. Appellant refused to accept them.

Appellant brought this suit against appellee, seeking judgment in an amount equal to the contract price of the second shipment of rugs plus interest. Appellee answered and counterclaimed. Subsequently, cross-motions for summary judgment were filed. In its motion, appellant urged that appellee, having accepted the rugs, was contractually obligated to pay for them. In its motion, appellee urged that it had a contractual right to return both shipments to appellant and receive a cash refund as to the first shipment and a credit as against the second. The trial court granted summary judgment in favor of appellee and denied appellant's motion. Appellant brings this appeal from the trial court's rulings on the cross-motions for summary judgment.

In urging that the trial court's rulings are erroneous, appellant contends that it has met its contractual obligations, but that appellee has not fulfilled its responsibilities in connection with the transactions between the parties. "The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." OCGA § 11-2-301. The undisputed evidence of record does show that appellant transferred and delivered the two shipments of rugs to appellee. According to appellant, the rugs were thus accepted by appellee, and appellee must now pay the agreed upon price for them. "The buyer must pay at the contract rate for any goods accepted. Acceptance of goods by the buyer precludes rejection of the goods accepted. . . ." OCGA § 11-2-607 (1) and (2).

Notwithstanding appellant's contentions as to appellee's original acceptance of the rugs, the undisputed evidence of record shows that, subsequent to the second shipment, it entered into a signed written agreement which modified the terms of the original sales contract as to both shipments of rugs. See generally OCGA § 11-2-209. Pursuant to this modification, appellant agreed that it would accept the return of both shipments of rugs and that it would issue appellee a refund and credit. The effect of this modification was to make each shipment of rugs a "sale or return." See generally *Logan Paving Co. v. Massey-Ferguson Credit Corp.*, 172 Ga. App. 368 (323 SE2d 259) (1984). "Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is: A 'sale or return' if the goods are delivered primarily for resale." OCGA § 11-2-326 (1) (b).

In the context of a "sale or return," the buyer's obligation to ac-

cept or to reject goods is governed by the provisions of OCGA § 11-2-327 (2) (a), which provides: "Under a sale or return unless otherwise agreed the option to return extends to the whole or any commercial unit of the goods while in substantially their original condition, but must be exercised seasonably. . . ." Accordingly, the question of whether appellee accepted the rugs and must pay for them is dependent upon whether the option to return them was "exercised seasonably." "An action is taken 'seasonably' when it is taken . . . at or within a reasonable time." OCGA § 11-1-204 (3). "What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action." OCGA § 11-1-204 (2). It is undisputed that, after the February 1984 modification, appellee did not attempt to return the rugs until November of 1984. Considering the evidence as to the nature and circumstances of the parties' overall business relationship and the purpose of the February 1984 modification agreement, a jury would be authorized to find that appellee's nine-month delay was not a seasonable exercise of its option to return the rugs. " 'What is a reasonable time . . . is ordinarily a matter of fact to be determined by a jury under the particular circumstances of the case. [Cit.]' " *Solomon Refrigeration v. Osburn*, 148 Ga. App. 772, 775 (3) (252 SE2d 686) (1979). It follows that the trial court correctly denied appellant's motion for summary judgment, but erred in granting summary judgment in favor of appellee.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 6, 1989.

George R. Dean, for appellant.
Schwall, Ruff & Goodman, Emory A. Schwall, Robert S. Wayne, for appellee.