## A90A2287. HUDSON v. GAINES.
(403 SE2d 852)

BEASLEY, Judge.

Gaines sued Hudson, seeking damages for breach of express and implied warranties of good title to two vehicles which Hudson sold to Gaines.

Seller Hudson purchased the two dump trucks in 1975. He obtained license tags and state safety inspection stickers and paid the county ad valorem taxes. In 1984, Hudson contracted to sell the vehicles to Gaines for a purchase price of $7,500 apiece. He was unable to produce certificates of title and stated that they had been missing following a burglary of his office.

Under the provisions of OCGA § 40-3-28, Hudson obtained motor vehicle certificates of title under surety bonds, which were then issued to Gaines. They contain the following disclaimer: "This title was issued on the basis of a surety bond and may be subject to undisclosed liens, security interests salvage, odometer reading discrepancy or other conditions."

Hudson delivered the vehicles to Gaines in June 1984, reducing

the purchase price by $1,000 because of needed repairs. The following May, law enforcement officials confiscated the vehicles from Gaines on the ground they had been stolen.

Gaines claimed damages in the amount of $31,525.01. This amount was based on the purchase price of the vehicles, expenditures for repairs, and interest paid on purchase-money loans. He submitted evidence of damages for loss of hire also.

Defendant Hudson filed third-party complaints against Meadows Motors, Inc., and Safeco Insurance Company of America, alleging that he had obtained title to the vehicles through Meadows and that title had been bonded by Meadows and Safeco. He dismissed the third-party complaint against Meadows without prejudice. At the conclusion of trial, the court directed a verdict in favor of Safeco.

The jury was unable to reach a verdict and the case was submitted to the trial judge. He concluded that in selling these vehicles, seller Hudson gave buyer Gaines an implied warranty of title under OCGA § 11-2-312 as well as "an express representation as to warranty of title." He further concluded that Gaines gave Hudson notice of the breach within a reasonable time, as required by OCGA § 11-2-607. Judgment was entered for Gaines in the amount of $14,036.

1. Appellant contends that since certificates of title with the noted disclaimer were issued to appellee pursuant to OCGA § 40-3-28, the buyer obtained no implied or express warranties of title, as a matter of law.

OCGA § 40-3-28 states that where the state revenue commissioner is not satisfied as to the ownership of a vehicle, the commissioner may register the vehicle but shall "as a condition of issuing a certificate of title, require the applicant to file with the commissioner a bond . . . executed by the applicant and by a bonding, surety, or insurance company. . . . The bond shall be in an amount equal to the value of the vehicle as determined by the commissioner and payable to the commissioner for the benefit of any prior owner . . . and any subsequent purchaser of the vehicle . . . against any expense, loss, or damage, by reason of the issuance of the certificate of title of the vehicle or on account of any defect in or undisclosed security interest upon the right, title, and interest of the applicant in and to the vehicle. The commissioner shall have a right of action to recover on the bond for any breach of its conditions, but the aggregate liability of the surety to all persons shall not exceed the amount of the bond. The bond shall expire at the end of four years unless the commissioner has been notified of a breach of a condition of the bond."

OCGA § 40-3-28 is based on § 11 of the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act. The purpose of OCGA § 40-3-28 appears to be to shield the State from any potential liability for failure to discover and disclose title defects in issuing automobile cer-

tificates of title. See generally *Bill Moore Motor Homes v. Arizona*, 629 P2d 1025 (Ariz. 1981). However, it has been held that although the Uniform Act governs the time of transfer of car ownership for purposes of determining insurance coverage and ownership liability in a personal injury action, "the Uniform Commercial Code governs 'as between the parties' with respect to their rights and liabilities under the law of sales." *Knutson v. Mueller*, 228 NW2d 342, 346 (2) (Wis. 1975). "Article two of the Uniform Commercial Code applies to 'transactions in goods,' and thus is generally applicable to problems arising from transactions involving transfer of automobile ownership." Id. at 346.

Implied warranties of title under the UCC are governed by OCGA § 11-2-312. "[T]here is in a contract for sale a warranty by the seller that . . . [t]he title conveyed shall be good, and its transfer rightful." OCGA § 11-2-312 (1) (a). "A warranty . . . will be excluded or modified only by specific language or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have." OCGA § 11-2-312 (2).

Express warranties are governed by OCGA § 11-2-313, which provides that "[e]xpress warranties by the seller are created as follows: Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." OCGA § 11-2-313 (1) (a).

We hold that the issuance of certificates of title pursuant to OCGA § 40-3-28 did not, as a matter of law, negate the existence of express or implied warranties which the seller gave the purchaser in the course of their dealings.

2. Hudson contends that buyer Gaines' failure to give notice to Hudson of his breach-of-warranty claims prior to filing the original suit, approximately eight months after the vehicles had been seized, mandate a dismissal of both the original and renewal actions as a matter of law.

A condition precedent to filing suit under Article 2 of the UCC is that "[t]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." OCGA § 11-2-607 (3) (a). Notice of breach serves two distinct purposes, as noted in *Oden & Sims Used Cars v. Thurman*, 165 Ga. App. 500, 501 (1) (301 SE2d 673) (1983): first, it opens the way for settlement negotiations between the parties; second, it minimizes the possibility of prejudice by giving the seller ample opportunity to cure the defect, investigate the claim, or reduce damages at an early stage. See also OCGA § 11-2-714 (1).

Appellant has not shown that the court erred in ruling in effect

that he had been given adequate notice of breach of warranty as contemplated by the statute. Service of the original suit, made eight months after confiscation, removed the vehicles from control of either party, was reasonable notice in the circumstances of this case.

3. Finally, Hudson contends that plaintiff Gaines failed to prove damages in accordance with OCGA § 11-2-714 (2).[1] It provides: "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

Hudson's position is that although buyer Gaines submitted proof of the value of goods "as warranted," which Hudson concedes is the same as what the purchase price was, Gaines submitted no proof of the value of the goods "accepted." Hudson argues that the value when accepted was not zero because the buyer was to have use of them for ten or 11 months. That is, they were not of "no value," but their value was as trucks which Gaines would have for this period of time.

Buyer Gaines counters that OCGA § 11-2-714 (2) allows the recovery of damages in an amount different from the disparity in special circumstances. He argues that the value to him was in fact zero because he was precluded by law from acquiring ownership. OCGA § 11-2-714 (3) also allows the recovery of incidental and consequential damages under OCGA § 11-2-715 "[i]n a proper case."

Plaintiff proved not only the price paid and the lending bank's appraisal of value but also that what he accepted were stolen trucks for which he owed an interest-bearing note to the bank. We cannot say that the undifferentiated damages awarded "as the foreseeable and logical consequence of the breach," using the court's words, were not authorized by those two laws. See *Murdock v. Godwin*, 154 Ga. App. 824, 825 (4), (6) (269 SE2d 905) (1980).

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 27, 1991 —
REHEARING DENIED MARCH 14, 1991.

*Hull, Towill, Norman & Barrett, David E. Hudson*, for appellant.

---

[1] 4 Anderson, Uniform Commercial Code, § 2-724:26, pp. 490-491 (1983), states that breach of warranty of title situations should not be "forced" into the scope of ACC § 2-714 (2). See, instead, OCGA § 11-2-711 (1); *Solomon Refrigeration v. Osburn*, 148 Ga. App. 772, 775 (3) (252 SE2d 686) (1979); *Jacobs v. Metro Chrysler Plymouth*, 125 Ga. App. 462, 467-469 (2) (188 SE2d 250) (1972); and *Brown v. Moore*, 103 Ga. App. 111 (2) (118 SE2d 591) (1961).

*Hagler, Hyles & Badcock, Richard C. Hagler,* for appellee.