A94A2617. CONTRACT SALES & SERVICE INTERNATIONAL, INC. v. AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.
(453 SE2d 62)

BLACKBURN, Judge.

This is an appeal from the trial court's grant of summary judgment in favor of American Express Travel Related Services Company, Inc. (American Express) in an action based upon a commercial account for the purchase of goods.

The record viewed in the light most favorable to the appellant, Contract Sales & Service International, Inc. (Contract Sales), as the nonmovant, shows that Contract Sales is in the business of assisting large corporations with the liquidation of overstocked inventory. In June 1991, American Express made arrangements with Contract Sales for the liquidation of thousands of "weekender" suede jackets. It is undisputed that in June and July 1991, American Express shipped in excess of 10,000 "weekender" suede jackets to Contract Sales for their liquidation. It is further undisputed that Contract Sales has sold all of the jackets shipped to them and retained in their accounts the $241,765 in proceeds from the sale of the merchandise.

Under Georgia's Uniform Commercial Code, " '[t]he buyer must pay at the contract price for any goods accepted.' OCGA § 11-2-607 (1). The buyer is entitled to accept or reject goods which fail to conform to the contract by rejecting or accepting the whole, or by accepting any commercial unit or units . . . and rejecting the rest. OCGA § 11-2-601. Acceptance occurs when, after a reasonable opportunity to inspect the goods, the buyer indicates the goods are conforming or that he will take them despite the nonconformity, or the buyer acts in a manner inconsistent with the seller's ownership. OCGA § 11-2-606." *Prudential Metal Supply Corp. v. Atlantic Freight Sales Co.,* 204 Ga. App. 439, 440 (419 SE2d 520) (1992).

In this case, the undisputed evidence shows that Contract Sales accepted the shipments of jackets delivered to the company on behalf of American Express, and subsequently sold the jackets to other companies. Contract Sales' sale of the jackets received is an act inconsistent with American Express' ownership. Cf. *W. M. Hobbs, Ltd. v. Accusystems of Ga.,* 177 Ga. App. 432 (1) (339 SE2d 646) (1986).

Bert Gurwitch, President and CEO of Contract Sales, deposed that Contract Sales does not owe American Express any of the money for the jackets because American Express allegedly breached an agreement with Contract Sales to liquidate $12,000,000 in inventory in the future, and breached the present agreement by competing with Contract Sales in selling items to other companies. The record does not show that American Express agreed to refrain from selling inventory to other companies. In addition, any of the parties' negotiations concerning future liquidation of inventory are too indefinite for enforcement and at most, represents an unenforceable agreement to agree. See *Cherokee Falls Investments v. Smith*, 213 Ga. App. 603 (1) (445 SE2d 572) (1994).

Contract Sales further contends that it is entitled to retain the sums collected because most of the jackets shipped were of inferior quality which required them to expend additional monies for their liquidation. However, Contract Sales never rejected any of the shipments of jackets. It is well settled that acceptance precludes rejection of the goods accepted. *Amatulli Imports v. House of Persia*, 191 Ga. App. 827 (383 SE2d 192) (1989). More importantly, Contract Sales failed to specifically raise any alleged failure of consideration as an affirmative defense in its answer. The defense cannot be raised in an affidavit or deposition in opposition to a motion for summary judgment. See *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980). Therefore, Contract Sales is responsible for the payment of the jackets that it received from American Express as a matter of law, and summary adjudication in favor of American Express was warranted.

Contrary to Contract Sales' contention, American Express is entitled to prejudgment interest. "Prejudgment interest is allowable only where the amount recoverable is liquidated, i.e., certain and fixed, a sum which cannot be changed by the proof. A debt is liquidated when it is certain *how much is due* and when it is due. . . . The invoices covered by summary judgment were a due and payable liquidated debt on a commercial account, subject to prejudgment interest under OCGA § 7-4-16." (Citations and punctuation omitted.) *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681, 682-683 (423 SE2d 419) (1992).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994 —
RECONSIDERATION DENIED JANUARY 12, 1995.

*Alembik, Fine & Callner, T. Kevin Mooney*, for appellant.
*Siegel & Golder, Mark L. Golder*, for appellee.