■ HARRIET FISCHER et al., Appellants, v. MEAD JOHNSON LABORATORIES, Respondent, and MORRIS S. FOND, et ano., Defendants.— In an action to recover damages for personal injuries sustained by plaintiff Harriet Fischer and for medical expenses, etc., of her husband, plaintiffs appeal from an order of the Supreme Court, Queens County, entered June 6, 1972, which granted a motion by defendant Mead Johnson Laboratories to dismiss all the causes of action against it (the first, second, third, fourth and eighth causes). Order modified by deleting from the decretal paragraph thereof the word "second" and the words "and eighth" (causes of action) and adding thereto a provision that the motion is denied as to the second and eighth causes of action. As so modified, order affirmed, with $20 costs and disbursements to appellants. In accordance with her doctor's instructions, Mrs. Fischer began using the oral contraceptive known as oracon, produced by defendant Mead Johnson Laboratories, in the summer of 1966. Thereafter, she developed a blood spot in her left eye, but continued taking the pills until the summer of 1968, when another doctor told her to stop taking them. In an action brought by plaintiffs prior to the instant one, a summons without a complaint was served on defendant Mead Johnson on April 23, 1971 and a complaint was served on May 13, 1971. That action was discontinued. Thereafter, on August 26, 1971, the instant suit was commenced. Insofar as the motion to dismiss was addressed to the second cause of action, which sounds in breach of warranty, Mead Johnson claimed that the notice provision of section 2–607 of the Uniform Commercial Code was not complied with in that the first time that Mead Johnson received notice of the alleged breach was in the complaint in the prior action, served upon it a minimum of three years after the cause had accrued and plaintiffs had become aware of the problem. Special Term held this inordinate length of time to be in excess of the time period contemplated by the framers of the Uniform Commercial Code as a matter of law and accordingly dismissed that cause of action. We think this was error. The prescription of timely notice under the code provision is to be applied, if at all, differently in commercial and retail sales situations. In *Kennedy* v. *Woolworth Co.* (205 App. Div. 648) the Appellate Division, First Department, held that the similar provision of section 130 of the Personal Property Law, which was the predicate for section 2–607 of the Uniform Commercial Code, was not applicable in situations involving goods sold for human consumption. Speaking for the court, Justice McAvoy stated (pp. 649–650): "The reason for the rule has no relevant application to the circumstances of such a case. That section apparently has to do with the sales of goods whose inspection or use discloses a defect of quality, lack of conformance to sample, failure to comply with description, or other cognate circumstances which causes money damage to the vendee. To require a complaint which, whatever its nomenclature of form, is really grounded on tortious elements, to indicate a notice of rejection or claim of damage within a reasonable time on account of defect of edible goods in a retail transaction, would strain the rule beyond a breaking point of sense or proportion to its intended object." We think that *Kennedy* is clearly in point and relevant to the case at bar and directs that we overlook the question as to whether timely notice was given within

the meaning of section 2–607 of the Uniform Commercial Code, as that requirement does not apply in a case such as this. Special Term also struck the eighth cause of action, which was asserted only by plaintiff Irving Fischer, for medical expenses incurred as a result of his wife's injuries, etc. This cause of action was directed at all the defendants, Mead Johnson and the two doctor defendants. Special Term dismissed this cause as to all the defendants. Since the doctor defendants had not moved to dismiss, in no event could it have been correct to dismiss this cause as to them. This cause must also be reinstated as to Mead Johnson, in view of the validation herein of the second cause, from which this cause derives. We find plaintiffs' other contentions to be without merit. Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.