## A98A0479. BDI DISTRIBUTORS, INC. v. BEAVER COMPUTER CORPORATION.
### (501 SE2d 839)

Judge Harold R. Banke.

Beaver Computer Corporation ("Beaver") sued BDI Distributors, Inc. ("BDI") for an unpaid balance on a sales account. BDI counterclaimed against Beaver for fraudulent inducement and breach of an agreement underlying the account. BACI Service Corporation ("BACI"), who became the owner of Beaver's accounts receivable after a foreclosure sale, was later substituted for Beaver.

The underlying dispute arose after BDI received various notebook computers and computer equipment from Beaver, a California company. According to BDI, when it contracted with Beaver to purchase these computer goods, Beaver agreed to provide certain support services, which it failed to render. Jay Werth, BDI's president, testified that in reliance upon Beaver's numerous representations, BDI agreed to do business with Beaver. According to Werth, Beaver agreed to furnish: $2,500 for a fax flyer, $10,000 in catalog support, sales incentives to BDI's sales force, advertising accruals, stock rotations, price protection, and a promise to honor all warranties on Avanti notebook computers. BDI further claimed that it detrimentally relied on Beaver's false assurances of its financial solvency. BDI claimed that Beaver entered into the agreement in bad faith because Beaver had either already defaulted on, or was dangerously close to defaulting on its obligations under a $1,700,000 promissory note.[1] BDI asserted that only after it took possession of the computers and equipment did it discover that Beaver had gone out of

---

[1] The Foreclosure Bill of Sale reveals that "on March 20, 1995 BACI, through its counsel . . . delivered to BCC [Beaver] a letter regarding DEMAND FOR PAYMENT OF AMOUNTS DUE UNDER PROMISSORY NOTE." By April 5, BACI was declaring its intent to foreclose. The record confirms that Beaver was still shipping equipment to BDI in late March and in mid-April.

business and would not be able to honor any of its representations. It is undisputed that BACI foreclosed on Beaver's promissory note less than two weeks after Beaver's last delivery to BDI. After foreclosure, BACI "wholly discontinued" Beaver's business operations, claiming that it only acquired Beaver's assets. BDI contends that Beaver's fraudulent concealment and its breach excused BDI's payment obligation.

In moving for summary judgment, BACI contended that it was not liable for any obligations of its predecessor, Beaver. It further argued that BDI was estopped from raising any defenses to its liability because it failed to reject the goods within a reasonable time as required by the UCC.

The trial court found that BDI's failure to notify Beaver, the seller of the goods, within a reasonable time of its discovery of the alleged breach, barred BDI from any recovery. The court awarded judgment, interest, and attorney fees under OCGA § 9-15-14 to BACI. Asserting two errors, BDI appeals. *Held*:

1. BDI contends that genuine issues of disputed material fact as to whether it gave reasonable notice precluded summary judgment. In certain circumstances upon discovery of a defective condition, a buyer may be entitled to reject goods for nonconformance which substantially impairs the value of the goods. OCGA § 11-2-608. Further, a buyer may, upon notifying the seller of its intention to do so, deduct all or any part of the damages resulting from a breach of the contract from any part of the price still due under the contract. OCGA § 11-2-717. Where a buyer has accepted goods and given notice as required by OCGA § 11-2-607, he may recover damages for any nonconformity calculated in a reasonable manner. OCGA § 11-2-714. See *Wolfes v. Terrell*, 173 Ga. App. 835, 836 (2) (328 SE2d 569) (1985) ("OCGA § 11-2-714 applies where a buyer claims breach of contract regarding *accepted* goods.").

What is problematic in applying the UCC here is that the alleged nonconformity related primarily to the services to be provided in the future and not to the goods as received. It is undisputed that BDI did not give notice to Beaver of its dissatisfaction with Beaver's alleged breach of the agreement to furnish support services. Only when BACI asserted a demand for payment about six months after the last delivery, did BDI then register its complaints. BDI argues that in these circumstances, this was "reasonable notice" notwithstanding its delay.

The purpose of the "reasonable notice" requirement of OCGA § 11-2-607 (3) (a) is to allow a seller an opportunity to, inter alia, inspect, ascertain facts, preserve evidence, cure, minimize damages, or negotiate a settlement. *Atwood v. Southeast Bedding*, 226 Ga. App. 50, 52 (1) (485 SE2d 217) (1997); see *Hudson v. Gaines*, 199 Ga. App.

70, 72 (2) (403 SE2d 852) (1991). In this case, it is difficult to see that any of these goals could have been accomplished since Beaver completely ceased existence. We believe that whether BDI acted unreasonably in not notifying Beaver, a defunct company, that it was dissatisfied that Beaver would not be providing the support services allegedly agreed upon, must be resolved by a jury. *SPS Indus. v. Atlantic Steel Co.*, 186 Ga. App. 94, 98 (2) (366 SE2d 410) (1988) (physical precedent only). BACI offered no authority and we know of none which requires a party to whistle in the wind. See *Powell v. City of Snellville*, 266 Ga. 315, 317 (467 SE2d 540) (1996) (no requirement to undertake an exercise in futility). In construing the notice statute at issue, we decline to ascribe to the legislature an intent to require a buyer to do a futile and useless thing. *Burgess v. Travelers Indem. Co.*, 185 Ga. App. 82, 83 (363 SE2d 308) (1987).

Moreover, the issue of reasonableness of notice is ordinarily properly reserved for the factfinder except where the uncontroverted facts establish that the moving party is entitled to recover as a matter of law. *Intl. Multifoods Corp. v. Nat. Egg Products &c.*, 202 Ga. App. 263, 266 (4) (414 SE2d 253) (1991). This is not such a case and summary judgment must be reversed. *Great Western Press v. Atlanta Film Converting Co.*, 223 Ga. App. 861, 864 (1) (479 SE2d 143) (1996). Compare *Buford v. Toys R' Us*, 217 Ga. App. 565, 567 (3) (458 SE2d 373) (1995).

2. BDI asserts that the trial court clearly erred in awarding attorney fees to BACI. Inasmuch as BACI was not entitled to judgment as a matter of law and there has been no final disposition of this case on the merits, the award of attorney fees to BACI under OCGA § 9-15-14 must be set aside. *McCullough v. McCullough*, 263 Ga. 794 (439 SE2d 486) (1994); see *Fairburn Banking Co. v. Gafford*, 263 Ga. 792 (439 SE2d 482) (1994).

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 17, 1998.

*Freed & Berman, Jeffrey N. Berman, Charles H. Van Horn, Abbey B. Cohen*, for appellant.

*Tait O. Norton, David G. Crockett, Douglas L. Brooks*, for appellee.