A03A0663. WAL-MART STORES, INC. v. WHEELER.
(586 SE2d 83)

ADAMS, Judge.

The Uniform Commercial Code provides in part that a buyer who has accepted nonconforming goods can recover damages for

---

breach of warranty if the buyer notifies the seller of defects in those goods within a reasonable time after discovery; otherwise it is barred from any remedy. OCGA § 11-2-607 (3) (a). Two years and three days after John P. Wheeler was injured by a device he purchased at Wal-Mart Stores, Inc., he served Wal-Mart with notice of a defect in the product. Wal-Mart sought summary judgment on the grounds that Wheeler waited an unreasonable time as a matter of law. The trial court denied the motion, and we granted Wal-Mart's application for discretionary review.

Construing the facts in favor of Wheeler shows that in January 1999, Wheeler bought a new bow trigger release mechanism from Wal-Mart and attached it to his bow. While Wheeler was target practicing on September 16, 1999, the bow release detached from the bow, striking him in the mouth, and causing substantial damage to his upper lip, gums, and teeth.

Wheeler filed suit on June 29, 2001, against one alleged manufacturer. On September 14, 2001, Wheeler amended his complaint, added several additional alleged manufacturers, as well as Wal-Mart, the seller, and claimed that Wal-Mart had breached implied warranties of merchantability and fitness for a particular purpose. Wal-Mart first received notice of the accident when it was served with the amended complaint on September 19, 2001, over two years after the accident. The trial court denied Wal-Mart's motion for summary judgment without stating the basis for its ruling. In its sole enumeration of error, Wal-Mart claims that the trial court erred by not holding that Wheeler failed to provide reasonable notice as a matter of law.

1. Under the Uniform Commercial Code, where a tender of nonconforming goods has been accepted, "[t]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." OCGA § 11-2-607 (3) (a). See also *Intl. Multifoods Corp. v. Nat. Egg Products*, 202 Ga. App. 263, 265-266 (4) (414 SE2d 253) (1991); *Hudson v. Gaines*, 199 Ga. App. 70, 72 (2) (403 SE2d 852) (1991). Generally, whether notice has been reasonably given presents a question of fact, but summary adjudication is appropriate if the uncontroverted facts establish that notice was unreasonable as a matter of law. *BDI Distrib. v. Beaver Computer Corp.*, 232 Ga. App. 316, 318 (501 SE2d 839) (1998); *Intl. Multifoods Corp.*, 202 Ga. App. at 266 (4).

The Georgia codification of the UCC states that what constitutes a reasonable time depends on the nature, purpose, and circumstances of a particular case. OCGA § 11-1-204 (2). And the Official Comments to UCC § 2-607 instruct that what constitutes a reason-

able time in cases involving retail transactions is judged differently from those involving commercial transactions:

> The time of notification is to be determined by applying commercial standards to a merchant buyer. "A reasonable time" for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy.

See UCC § 2-607, Comment 4. See also *Jones v. Cranman's Sporting Goods*, 142 Ga. App. 838, 840 (1) (237 SE2d 402) (1977) (quoting Comment 4).[1]

Wal-Mart relies primarily on the case of *Buford v. Toys R' Us*, 217 Ga. App. 565 (458 SE2d 373) (1995). In that case, Toys R' Us sold a bicycle to the parents of a child in November 1990. On April 21, 1991, the child was injured while riding the bike when a painted weld on the bike separated. The parents brought suit against Toys R' Us on the grounds of negligence and breach of implied warranty. This court affirmed the grant of summary judgment in favor of Toys R' Us, in part because it did not receive notice from the Bufords until the complaint was served two years after the accident, and, accordingly, such notice "was not 'reasonable' as a matter of law." Id. at 567 (3).

In reaching this holding, *Buford* cited *Cobb County &c. v. MAT Factory*, 215 Ga. App. 697, 703 (2) (452 SE2d 140) (1994), and *Intl. Multifoods Corp.*, 202 Ga. App. at 263. Both are commercial cases and therefore not controlling regarding the standard to be used in determining whether notice was given within a reasonable time under OCGA § 11-2-607. Further, the *Buford* opinion failed to distinguish between the two standards for determining reasonable notice under this provision of the UCC. Compare *Cranman's Sporting Goods*, 142 Ga. App. at 840 (1).

Several cases from other jurisdictions that consider the notice requirement in the context of a consumer or tort claim require a showing of prejudice from the delay before barring any remedy to the plaintiff. See, e.g., *Hebron v. American Isuzu Motors*, 60 F3d 1095, 1098 (4th Cir. 1995) (two-year unexplained delay in giving notice, coupled with the plaintiff's disposal of critical evidence, was unrea-

---

[1] "To determine the legislature's intent in enacting [a] provision [of the UCC], we consult the official comments accompanying the UCC." *Sun v. Mercedes Benz Credit Corp.*, 254 Ga. App. 463, 465 (1) (562 SE2d 714) (2002). See also *Warren's Kiddie Shoppe v. Casual Slacks*, 120 Ga. App. 578, 580 (171 SE2d 643) (1969) (official comments of the UCC should be given due consideration in determining the intent of the General Assembly in enacting the provisions verbatim).

sonable as a matter of law); *Prager v. Allergan, Inc.*, 1990 WL 70875 (N.D. Ill. 1990) (seller fails to establish that 21-month delay in providing notice caused prejudice); *Castro v. Stanley Works*, 864 F2d 961, 964 (II) (1st Cir. 1989) (20-month delay prevented seller "from investigating fully the circumstances of the accident and ascertaining facts which later could not be determined").

However some jurisdictions do not require a showing of prejudice. See, e.g., *San Antonio v. Warwick Club Ginger Ale Co.*, 104 R.I. 700, 707-709 (248 A2d 778) (1968) (twelve-month delay without any explanation from plaintiff was unreasonable as a matter of law); *Leeper v. Banks*, 487 SW2d 58 (Ky. 1972) (one-year delay unreasonable as a matter of law).

Then again, at least two jurisdictions have held that the notice requirement is simply not applicable to product liability and tort claims respectively. *Hill v. Joseph T. Ryerson & Son, Inc.*, 165 W. Va. 22 (268 SE2d 296) (1980) (no notice required in product liability actions); *Fischer v. Mead Johnson Laboratories*, 41 AD2d 737 (341 NYS2d 257) (N.Y. 1973) (no notice required for tort claim arising out of ingested product).

A review of the multiple purposes of the notice requirement is instructive.

> Notice of breach serves two distinct purposes. First, express notice opens the way for settlement through negotiation between the parties. Second, proper notice minimizes the possibility of prejudice to the seller by giving him ample opportunity to cure the defect, inspect the goods, investigate the claim or do whatever may be necessary to properly defend himself or minimize his damages while the facts are fresh in the minds of the parties.

(Citations and punctuation omitted.) *Oden & Sims Used Cars v. Thurman*, 165 Ga. App. 500, 501 (301 SE2d 673) (1983). See also *Hudson*, 199 Ga. App. at 72 (2); *BDI Distrib.*, 232 Ga. App. at 317 (1). In the context of an action involving personal injury, the notice requirement also informs the seller of a need to make changes in its product to avoid future injuries. 4 Anderson, Ronald A. Anderson on the Uniform Commercial Code § 2-607:6 (3rd ed. 1981). The Fourth Circuit has explained that the notice "serves the important functions of promoting the voluntary resolution of disputes and minimizing prejudice to the seller from the passage of time." *Hebron*, 60 F3d at 1098-1099.[2]

---

[2] In the commercial setting, the purpose of the rule is to defeat commercial bad faith. " 'If the seller is notified of a breach within a reasonable time he has opportunity to ascertain

In conclusion, each of the purposes of the notice requirement is implicitly based on the assumption that the seller could be prejudiced as more and more time passes from the date of the breach. The comments to the UCC specifically state that the notice provision found in § 2-607 is not intended to deprive a good faith consumer of his remedy. And, as it has been said, "[a]n injured lay consumer has no reason to know, until he consults a lawyer, that under the terms of the Uniform Commercial Code he is required to give the seller notice that the item sold was not satisfactory." *Maybank v. S. S. Kresge Co.*, 302 N.C. 129, 135 (III) (273 SE2d 681) (1981). We therefore conclude that delay alone without prejudice caused by such delay is insufficient to bar relief to the plaintiff under OCGA § 11-2-607 (3) (a). To the extent that *Buford*, 217 Ga. App. at 565, can be read to hold that a delay of two years, without more, is unreasonable as a matter of law, it is hereby disapproved.

2. In this case, Wal-Mart contends in its brief that it was denied the opportunity to have settlement negotiations, to cure the defect, or reduce the damages at an early stage. It also contends that it was denied the opportunity to determine the actual manufacturer of the product and suggests that there could be statute of limitation problems. (Wheeler has dismissed without prejudice all six manufacturers that he sued in this case; he still does not know who manufactured the device.) Wheeler contends that Wal-Mart has not been prejudiced. He argues that once the injury occurred, Wal-Mart could not have cured the defect or reduced the damages at an early stage. He also states that no settlement negotiations have taken place and that Wal-Mart has had the opportunity to view and inspect the device.

But neither party has sufficiently included any of the above facts regarding possible prejudice in the record so as to establish the point one way or another. Before the trial court, Wal-Mart only argued that a two-year delay was unreasonable as a matter of law. Wal-Mart never introduced any evidence of prejudice whatsoever. Without evidence of prejudice resulting from the delay, this Court is not authorized to reverse the trial court's decision on these grounds. Because it cannot be said that Wal-Mart is entitled to summary judgment on this point as a matter of law, the trial court's decision is affirmed.

3. The dissent's reliance on a statute of limitation argument is flawed for this reason. Wal-Mart did not raise a statute of limitation defense in its answer, other pleadings, or in its motion for summary

---

for himself the nature and extent of the breach by taking advantage of UCC § 2-515 which gives either party upon reasonable notification to the other[ ] the right to inspect, test and sample the goods . . . for the purpose of ascertaining the facts and preserving evidence.' [Cit.]" *Intl. Multifoods Corp.*, 202 Ga. App. at 266 (4).

judgment. Therefore the trial court was prohibited from ruling on the issue — indeed, the trial court did not address it; and this Court has no basis to consider it either. See *Hansford v. Robinson*, 255 Ga. 530 (1) (340 SE2d 614) (1986).

*Judgment affirmed. Smith, C. J., Johnson, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington and Phipps, JJ., concur. Andrews, P. J., Blackburn, P. J., and Mikell, J., dissent.*

ANDREWS, Presiding Judge, dissenting.

Because I believe that, as a matter of law, the notice given by Wheeler of the alleged defect in the bow trigger release mechanism was not reasonable under OCGA §§ 11-2-607 (3) (a) and 11-2-725, the applicable statute of limitation, and that the trial court erred in not so finding, I must respectfully dissent.

Although, in *Buford v. Toys R' Us*, 217 Ga. App. 565 (458 SE2d 373) (1995), the claim against the retailer was premised on strict liability, which this Court found inapplicable, I believe our conclusion that the notice given by the Bufords by service of the complaint two years after the accident and two years and five months after the sale was unreasonable as a matter of law should control here. While the two cases relied upon in *Buford* involved commercial transactions as opposed to a retail sale to a consumer, I do not believe, under the circumstances of this case, that the distinction is dispositive because, under either standard, the notice was not reasonable.

Other cases involving a merchant and retail buyer support this conclusion. In *Oden & Sims Used Cars v. Thurman*, 165 Ga. App. 500, 501 (1) (301 SE2d 673) (1983), the issue was warranty of title between a merchant seller and a retail buyer of an automobile. In considering the issue of notice, this Court found that

> [a] *condition precedent* to bringing this action was that plaintiff must have notified Oden & Sims of the breach within a reasonable time thereof. [OCGA § 11-2-607 (3) (a)]; see *Jones v. Cranman's Sporting Goods*, 142 Ga. App. 838 (1) (237 SE2d 402) (1977). The content of the notification needed merely to have been sufficient to have informed Oden & Sims that the transaction was " 'still troublesome and must be watched.' " *Jones v. Cranman's Sporting Goods*, supra at 840.

(Emphasis supplied.) Id. at 500-501 (1) (no notice unreasonable as matter of law). See also *Hudson v. Gaines*, 199 Ga. App. 70, 72 (2) (403 SE2d 852) (1991) (service of complaint within eight months of confiscation of vehicle and its removal from the parties' possession found reasonable as matter of law).

In considering the issue of notice and its reasonableness, it must be kept in mind that the implied warranty at issue here is predicated upon a sale of the item. In such a situation, the claimant must show that the defects or conditions responsible for the injury existed *at the time of the sale*, or on January 16, 1999. *Jones v. Marcus*, 217 Ga. App. 372, 373 (1) (457 SE2d 271) (1995). Further, in order to pursue his claim, Wheeler was required by OCGA § 11-2-725 to file his lawsuit within four years of its accrual, or at least by January 16, 2003. It was not until September 14, 2001, that the amended complaint naming Wal-Mart as a defendant was filed and it was not until September 19, 2001, over two years into the four years available to file suit, that it was served upon Wal-Mart.

In this case, Wal-Mart is faced with having to defend a claim based on a defective product over two years after its sale to Wheeler. As acknowledged by Wheeler, it is apparently impossible to identify the actual manufacturer of the bow release mechanism sold to him. Initially, Wheeler sued Cobra Manufacturing, later adding Wal-Mart as seller. Eventually, five other potential manufacturers were named in the amended complaint, although claims against all the named manufacturers have been dismissed, leaving only Wal-Mart as defendant.

The majority relies on Comments to the UCC for part of its rationale. While, certainly, such comments may be considered by this Court as persuasive authority, see *Sun v. Mercedes Benz Credit Corp.*, 254 Ga. App. 463 (562 SE2d 714) (2002), they can in no way alter the limits enacted by the legislature as statutes of limitation. Therefore, the statute of limitation applicable to Wheeler's claim, four years, must be the outside limits applicable to the issue of the reasonableness of notice.

The majority also discusses three different approaches in other jurisdictions to the reasonableness of notice issue in a seller/consumer situation: (1) those requiring a showing of prejudice from the delay before barring a consumer's remedy; (2) those requiring no showing of prejudice, only delay by the consumer; and (3) those in which the notice requirement does not apply to product liability and tort claims.

There is no Georgia case specifically requiring the showing of prejudice by the seller before the consumer's claim is barred. It would seem logical, however, that even were we to conclude that prejudice must be shown in Georgia, despite our finding in *Buford v. Toys R' Us*, the burden of the retailer to show prejudice lessens as the time provided by the statute of limitation shortens. Here, filing of suit two years and nine months after the sale at issue and the fact that Wal-Mart did not receive actual notice until after that is persuasive on the reasonableness of notice issue.

Under either the first or second options discussed by the majority,[3] I believe Wal-Mart was entitled to summary judgment in this case. As acknowledged by the majority, one of the purposes for notice in an action involving personal injury is to inform the seller of a need to make changes in its product to avoid future injuries. Had Wal-Mart known sooner of the alleged defect, it is possible it could have identified the manufacturer and taken their product from the shelves. Instead, Wal-Mart is faced with a situation in which it was merely the seller of a defective product (the defect being latent), but is deprived, because of the delay in notice by Wheeler, of the opportunity to file a third-party claim against the manufacturer.

Also, although Wheeler states that, under the facts here, it was impossible for Wal-Mart to mitigate its damages or engage in meaningful settlement negotiations, this contention is at best speculation.

Here, the facts are not disputed and I believe that, as a matter of law, the notice given was not reasonable. See *Hebron v. American Isuzu Motors*, 60 F3d 1095, 1098 (4th Cir. 1995); *Leeper v. Banks*, 487 SW2d 58 (Ky. 1972); *San Antonio v. Warwick Club Ginger Ale Co.*, 104 R.I. 700, 707-709 (248 A2d 778) (1968).

I am authorized to state that Presiding Judge Blackburn and Judge Mikell join in this dissent.

DECIDED JULY 16, 2003 —
RECONSIDERATION DENIED JULY 31, 2003 — 

*Joseph D. Perrotta*, for appellant.
*Simpson & Cross, Ralph F. Simpson*, for appellee.

---

[3] The third option is precluded by the mandatory language of OCGA § 11-2-607 (3) (a), as acknowledged by the majority.