# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>September 15, 2016</u>

**NO. 31,162**

**KENNETH BADILLA,**

  Plaintiff-Appellant,

v.

**WAL-MART STORES EAST, INC., d/b/a**
**WAL-MART #850, WAL-MART STORES**
**EAST, LP, and MEL DISSASSA,**

  Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Garcia Law Office
Narciso Garcia Jr.
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jeffrey M. Croasdell
Patrick M. Shay
Albuquerque, NM

for Appellees

## OPINION

**KENNEDY, Judge.**

{1}  The Supreme Court of New Mexico has resolved the conflict between statutes of limitations in cases concerning personal injury claims arising from the sale of goods and product warranties in favor of the period set in NMSA 1978, Sections 55-2-313 to -315 (1961) of the Uniform Commercial Code (UCC), holding that Plaintiff's claims are not barred thereby. *Badilla v. Wal-Mart Stores East, Inc.* (*Badilla II*), 2015-NMSC-029, 357 P.3d 936. On remand, we return to this case to determine whether the district court's summary judgment on Plaintiff's claims under the UCC was properly rendered for Defendants. We conclude that it was, and affirm the district court.

## BACKGROUND

{2}  The facts in this case are aptly set out by our Supreme Court in *Badilla II*, and we will not repeat them beyond their relation to the issues presented in this opinion. In short, Plaintiff Badilla was employed as a tree trimmer and purchased work boots from Wal-Mart in October 2003. The boots' packaging described the boots as "iron tough," "rugged leather," "men's work boots," and stated that they were "designed for light to medium industrial use." Plaintiff examined the boots prior to buying them without having any conversations with store personnel about them, or whether they

would be suitable for the type of work he did. He stated that he was unaware of any defect in the boots that made them unsafe at the time he purchased them.

{3} After his purchase, Plaintiff wore the boots in the course of his employment as a tree trimmer between eight and twelve hours a day, six days a week for nine months, racking up between 1871 and 2805 hours in them. He was aware that they were wearing, but maintains that the defect causing the injury was latent until he was actually injured. On July 28, 2004, Plaintiff was injured while attempting to move a log weighing about 150 pounds when the unglued sole of his boot got caught on debris, causing him to fall backwards and drop the log on top of himself. Plaintiff, represented by his present counsel in this action, initiated a worker's compensation action in March 2006 that was settled in January 2007.

{4} Plaintiff never provided notice of the boots' failure or of a claim under any warranty to Defendants prior to filing suit against them. He filed a complaint against Defendants in September 2007 more than three years after he was injured and beyond the statute of limitations for personal injury cases. *See* NMSA 1978, § 37-1-8 (1976). However, his complaint also sought damages for personal injury as a consequence of breach of warranties under New Mexico's UCC.[1] Our Supreme Court held that Defendant had adequately invoked the UCC, the provisions of which applied to this

---

[1] A brief summary of the history and purposes of the UCC is found in *Badilla II*, 2015-NMSC-029, ¶¶ 13-15.

2

case. Specifically, the Supreme Court held that the Plaintiff's cause of action was "based in contract, and therefore the UCC's four-year statute of limitation, which governs actions for breach of warranty seeking personal injury damages, applies[,]" and specifically rejected any assertion that the case was tort-based. *Badilla II*, 2015-NMSC-029, ¶ 47. Because the portion of the summary judgment regarding Plaintiff's warranty claims under the UCC remained unresolved, the Supreme Court remanded the case to this Court for review of the district court's determination that "there is no genuine issue of material fact as to Plaintiff's inability to establish required elements of his causes of action for breach of express and implied warranty[,]" which we now address. *Id.* ¶ 50 (internal quotation marks omitted).

**DISCUSSION**

**A.      This Case Is Solely Governed By the UCC**

{5}      The scope of our opinion is defined by the Supreme Court's decision, deciding that Plaintiff's purchase was a contract for the present sale of goods, and his remedies are governed by the UCC. *Id.* ¶ 42. In holding that the UCC governs this case, the Court concisely stated the legal basis for Plaintiff's case:

> Plaintiff contends that Defendants made express and implied warranties about the product Plaintiff purchased. Any such warranties gave Plaintiff the right to receive goods which complied with those warranties. If the product Plaintiff purchased was not as warranted, then Defendants breached the contract, and Plaintiff has the right to recover

3

any damages resulting from the seller's breach of that warranty if the goods do not so comply.

*Id.* Thus, "the nature of the right Plaintiff's claims assert is the right to receive consequential damages as compensation for Defendant's alleged failure to provide Plaintiff with boots that conformed with the warranties Defendants allegedly made." *Id*. ¶ 43. This court is bound by the Supreme Court's ruling. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 9, 84 N.M. 717, 507 P.2d 778 ("[T]he Court of Appeals is to be governed by the precedents of this court."); *Varney v. Taylor*, 1968-NMSC-189, ¶ 5, 79 N.M. 652, 448 P.2d 164 ("[W]hat amounts in effect to an adjudication of the issue on a prior appeal, right or wrong, has become the law of the case, and is binding alike upon us and the litigants in all subsequent proceedings in the case."). We first address some preliminary matters unaddressed in our previous opinion.

**1.     "Common Law Warranties" Are Inapplicable**

{6}     Plaintiff attempts to expand the availability of rights and remedies that exist outside the UCC's purview to this case involving a contract for the sale of goods, arguing that there are "common law warranties" that may apply to this case. *See Camino Real Mobile Home Park P'ship v. Wolfe*, 1995-NMSC-013, 119 N.M. 436, 891 P.2d 1190, *overruled on other grounds by Sunnyland Farms, Inc. v. Cent. N.M. Elec. Coop., Inc.*, 2013-NMSC-017, ¶ 15, 301 P.3d 387. The Supreme Court held that Plaintiff, by specifically choosing to seek a remedy under the UCC, made the UCC

the applicable law for this case. *See Badilla II*, 2015-NMSC-029, ¶ 44 ("Plaintiff's cause of action asserts this claim under the UCC by invoking its statutory language.").[2] The Supreme Court also held that Plaintiff's suit is circumscribed by the UCC and does not involve common law remedies. *Id.* ¶ 39. Because the Supreme Court determined in this case that "the UCC governs claims based in contract" and that tort law based in negligence has no application here, *id*. ¶ 49, there are no "common law warranties" to be considered in this case, having been entirely displaced by the applicability of the UCC to this case. We proceed in our analysis solely pursuant to the UCC.

**2.      Standard of Review**

{7}      "The standard of review on appeal from summary judgment is de novo." *Farmers Ins. Co. of Ariz. v. Sedillo*, 2000-NMCA-094, ¶ 5, 129 N.M. 674, 11 P.3d 1236. Summary judgment is appropriate where the facts are undisputed, and the movant is entitled to judgment as a matter of law. *Hydro Res. Corp. v. Gray*, 2007-NMSC-061, ¶ 14, 143 N.M. 142, 173 P.3d 749. "[W]e view the facts in a light most favorable to the party opposing the motion and draw all reasonable inferences in

---

[2]"Although Plaintiff did not actually cite these statutes, we find his near-verbatim recitation of their language sufficient to conclude, as the court did in *Reid* [*v. Volkswagen of Am., Inc.*, 512 F.2d 1294 (6th Cir. 1975)], that Plaintiff's claims were 'filed under' the UCC." *Badilla II*, 2015-NMSC-029, ¶ 44.

5

support of a trial on the merits[.]" *Handmaker v. Henney*, 1999-NMSC-043, ¶ 18, 128 N.M. 328, 992 P.2d 879.

{8} We are charged by the Supreme Court with reviewing the district court's summary judgment that Plaintiff was unable to establish the required elements of his causes of action for breach of express and implied warranty. Those causes of action and remedies are based in the UCC. "Interpretation of a statute is an issue of law which we review de novo." *Badilla II*, 2015-NMSC-029, ¶ 12 (alterations, internal quotation marks, and citation omitted). Our purpose in construing a statute is to determine and give effect to the Legislature's intent. *Id.* To do so, we first look to the plain language of the statute. *Id.* "When interpreting a statute, we are also informed by the history, background, and overall structure of the statute, as well as its function within a comprehensive legislative scheme." *Id.* (internal quotation marks and citation omitted). "If the [UCC] is the basis of recovery, a plaintiff will not be permitted to fulfill only certain requirements while neglecting others[.]" *Berry v. G. D. Searle & Co.*, 309 N.E.2d 550, 556 (Ill. 1974).

**B.      Elements of the Cause of Action for Breach of Warranties Under the UCC**

{9} "A breach of warranty presents an objective claim that the goods do not conform to a promise, affirmation, or description, or that they are not merchantable." *Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 13, 132 N.M. 459, 50 P.3d 554. The

6

elements of a cause of action for a breach of warranty are "the existence of a defect caused by the seller, that the buyer notified the seller and sought repairs, and that the seller failed or refused to make repairs." *State ex rel. Concrete Sales & Equip. Rental Co. v. Kent Nowlin Constr., Inc.*, 1987-NMSC-114, ¶ 18, 106 N.M. 539, 746 P.2d 645. When a breach of warranty results in personal injury, the buyer can be entitled to "recover direct, incidental, and consequential damages." *Manouchehri v. Heim*, 1997-NMCA-052, ¶ 10, 123 N.M. 439, 941 P.2d 978; *see* NMSA 1978, § 55-2-715(2)(b) (1961) ("Consequential damages resulting from the seller's breach include . . . injury to person or property proximately resulting from any breach of warranty."). Defendants argue that notice in this case was untimely and unreasonable; Plaintiff demurs, stating that it was within the statute of limitations. We address this issue first.

**1.      Notice of the Breach Within a Reasonable Time After Its Discovery**

{10}      A buyer wishing to sue a seller for a breach of warranty must "within a reasonable time after he discovers or should have discovered any breach[,] notify the seller of breach or be barred from any remedy[.]" Section 55-2-607(3)(a). On its face, Section 55-2-607 facially operates to bar Plaintiff, as the "buyer" of the boots, from "any remedy" if he failed to abide by its provisions. The failure to allege sufficient notice may be a fatal defect in a complaint alleging breach of warranty. *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (Ill. App. Ct. 1998).

7

Construction of a statute is a matter of pure law subject to de novo review. *Badilla II*, 2015-NMSC-029, ¶ 12.

{11}     No New Mexico case holds that the filing or service of a complaint constitutes sufficiently timely notice of a warranty claim,[3] nor explains what criteria should be used to determine the reasonableness of any length of time between discovery of a breach and notice being given. Because the UCC is a uniform law of interstate application, we turn to out-of-state authorities. *See Badilla II*, 2015-NMSC-029, ¶ 26 (observing that where New Mexico lacks a definitive rule to apply provisions of the UCC, our courts look to its interpretation by other jurisdictions).

{12}     Defendants raise the reasonableness of the time Plaintiff took to file the complaint, but not whether the complaint itself was a proper vehicle for notice. We accordingly do not address the suitability of a complaint as providing the required notice of breach in this case, but only the reasonableness of the passage of three years and two months between the accident and Plaintiff's providing notice to Defendants of the alleged breach of warranty. The critical issue in this case therefore is whether Plaintiff's filing suit after he discovered or should have discovered the alleged breach

---

[3]In cases involving a retail consumer, courts have found that other notice is unnecessary if "the seller is found to be reasonably notified by the plaintiff's complaint alleging a breach of warranty." *Maldonado*, 694 N.E.2d at 1026 (citing *Connick*, 675 N.E.2d at 589). We regard this as stating a conceptual separation between the statute of limitations governing the filing of a complaint, and the commercial reasonableness of notice under Section 55-2-607.

8

amounts to reasonably timely notice, thereby complying with the language of Section 55-2-607.

{13} Plaintiff argues simply, and without citation to authority, that any notice within the statute of limitations is reasonable. However, the parties agree that Plaintiff's discovery of the breach of any warranty concerning his boots occurred simultaneously with his injury. He was aware that the boots were wearing prior to the incident, though the specific defect complained of was not apparent. The identity of the seller was known to Plaintiff, as was the manufacturer. There is also no dispute that the statute of limitations on product liability or tort claims had run, precluding suit on any basis outside the purview of the UCC. There are no facts to which we are directed by the Plaintiff concerning why notice was provided when it was. The record indicates that Plaintiff was represented by present counsel in a worker's compensation claim against his employer involving the injury alleged herein in March 2006—less than two years after the July 2004 incident.

**a.    Reasonableness Can Be Determined as a Matter of Law**

{14} Both parties view our statement in *O'Shea v. Hatch*, that "[t]he sufficiency of notice and what is considered a reasonable time within which to give notice of breach of warranty are ordinarily questions of fact, based upon the circumstances of each case" to provide that the question of reasonableness is always one for the jury. 1982-

NMCA-013, ¶ 29, 97 N.M. 409, 640 P.2d 515. Our statement was made in the context of a case that did not decide the issue of whether notice was adequate, and we are not obligated to follow dicta, or the parties' interpretation of it. *See generally id.*; *Pincheira v. Allstate Ins. Co.*, 2007-NMCA-094, ¶ 51, 142 N.M. 283, 164 P.2d 982 ("When an appellate court makes statements that are not necessary to its decision, those statements are without the binding force of law."). When there is no dispute of fact, and the issue is one that can be decided solely as a matter of law, which we review de novo, we "are not required to view the appeal in the light most favorable to the party opposing summary judgment." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146 (citing *Rutherford v. Chaves Cty.*, 2003-NMSC-010, ¶ 8, 133 N.M. 756, 69 P.3d 1199); *see also Hebron v. Am. Isuzu Motors, Inc.*, 60 F.3d 1095, 1098 (4th Cir. 1995) (affirming summary judgment as to unreasonable notice as a matter of law); *Wal-Mart Stores, Inc. v. Wheeler*, 586 S.E.2d 83, 85 (Ga. Ct. App. 2003) (holding summary adjudication is appropriate if the uncontroverted facts establish that notice was unreasonable as a matter of law); *Maldonado*, 694 N.E. 2d at 1026 (holding that where no inference could be drawn from the evidence but the notice was unreasonable, reasonableness can be decided as a matter of law); *Kirkpatrick v. Introspect Healthcare Corp.*, 1992-NMSC-070, ¶ 14, 114 N.M. 706, 845 P.2d 800

("When the resolution of the issue depends upon the interpretation of documentary evidence, [an appellate court] is in as good a position as the trial court to interpret the evidence.").

**b.      Section 55-2-607, Comment 4: Reasonable Notice is Not Coextensive With the Statute of Limitations**

{15}     Defendants alleged in their motion for summary judgment that Plaintiff's delay in serving them with the lawsuit for breach of warranties constituted unreasonable notice under Section 55-2-607 that prejudiced their rights, and that Plaintiff's claim should be barred as a result. Plaintiff recognizes that notice could be unreasonable if the seller is unable to minimize damages or correct the defect, or would be subjected to a stale claim. But he does not address any of those issues, stating categorically that the reasonableness of the time period within which notice was given was sufficient to satisfy Section 55-2-607. Specifically, Plaintiff states that because returning the boots or seeking a refund for their cost was never a consideration owing to the simultaneous discovery of the breach and his being injured thereby, no more notice than that comprised by his serving the complaint in this case is required. In so arguing, Plaintiff cites Comment 4 to Section 55-2-607, which implies different notice standards for merchant and retail purchasers. We regard official comments to the UCC as persuasive, though not controlling authority. *First State Bank at Gallup v. Clark*, 1977-NMSC-088, ¶ 5, 91 N.M. 117, 570 P.2d 1144.

{16} Comment 4 to Section 55-2-607 states that " '[a] reasonable time' for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy." Section 55-2-607 cmt. 4. Comment 4 to Section 55-2-607 sets no benchmark for any extension, while Comment 5 to Section 55-2-607 indicates that any person seeking damages for injuries because of a seller's breach of warranty "can be properly held to the use of good faith in notifying, once he has had time to become aware of the legal situation." We regard Comment 5 as tying a plaintiff's good faith to the requirement of giving notice promptly after he knew or should have known of a breach, as required by Section 55-2-607(3)(a). Neither comment exempts a plaintiff from providing notice within the statute of limitations if it falls within Section 55-2-607's requirement of being reasonably contemporaneous to when the breach was known or should have been known to him.

{17} We decline Plaintiff's invitation to hold that there is a categorical rule of law permitting "reasonable" giving of notice to be coextensive with the statute of limitations. First, Plaintiff provides no authority for such a proposition, allowing us to assume there is none. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume

12

no such authority exists."). Second, even the cases Plaintiff cites in favor of two to three years being reasonable emphasize applying standards of reasonableness from the date of discovery over the terminal date provided by the statute of limitations.

{18}   In *Maybank v. S.S. Kresge Co.*, 273 S.E.2d 681 (N.C. 1981), cited by Plaintiff, the court permitted a suit to proceed three years after the breach was discovered because "the applicable policies behind the notice requirement have been fulfilled," but recognized that given other facts, unreasonableness could be decided as a matter of law. *Id.* at 685. In *Goldstein v. G.D. Searle & Co.*, 378 N.E.2d 1083 (Ill. App. Ct. 1978), the other case cited by Plaintiff, the court reversed summary judgment for a drug manufacturer because of late notice, but recognized that while a delay in giving notice might prejudice the defendants, the record indicated that the defendant's prior notice of similar complaints mitigated such concerns. *Id.* at 1089. Plaintiff's authority shows that long delays have been permitted, but provides no standards by which to assess reasonableness.

{19}   Neither Section 55-2-607 nor the official comments absolve a plaintiff of providing notice within a "reasonable time after he discovers or should have discovered any breach," or exercising good faith in doing so under Comment 5. *See* § 55-2-607(3)(a). To avoid a reviewing court's deciding that notice under Section 55-2-607 was unreasonable as a matter of law, a plaintiff needs to file the action within

13

the statute of limitations *and* show that "the applicable policies behind the notice requirement have been fulfilled[.]" *Maybank*, 273 S.E.2d at 685; *see also Golden v. Den-Mat Corp.*, 276 P.3d 773, 787-88 (Kan. Ct. App. 2012) (recognizing that reasonableness of notice can be judged as a matter of law, but viewing notice under Section 84-2-607 of the Kansas UCC must be assessed under a totality of circumstances "especially when any claimed delay compromised none of the purposes to be furthered through timely notification"). Filing a complaint within the statute of limitations under NMSA 1978, Section 55-2-725(1) (1961), cannot absolve a plaintiff of the obligation to satisfy Section 55-2-607(3)(a) requiring that the notice be provided within a reasonable time from the breach or discovery of the breach. *Wagmeister v. A. H. Robins Co.*, 382 N.E.2d 23, 25 (Ill. App. Ct. 1978). We now turn to the purposes behind Section 55-2-607 and whether Plaintiff fulfilled them.

**c.     Reasonableness Relates to the Purposes of Section 55-2-607**

{20}     It is our purpose to determine and give effect to the Legislature's intent in enacting the UCC as a "comprehensive legislative scheme." *Badilla II*, 2015-NMSC-029, ¶12 (internal quotation marks and citation omitted). We first look to the plain language of the statute. *Id.* Plaintiff agrees that reasonable notice enables the seller to correct the defect, or to minimize damages in some manner, and gives the seller some immunity against stale claims. *See O'Shea*, 1982-NMCA-013, ¶ 29 (stating the

purposes of the notice requirement). The protection against stale claims, in practice, permits the seller to timely investigate the claim and conduct meaningful discovery. *See* James J. White et al., *Uniform Commercial Code* § 12:19 (6th ed. 2015) ("The second policy behind the notice requirement is to afford sellers an opportunity to arm themselves for negotiation and litigation."). In other words, a defendant who is timely notified of a claim has a better ability "to present certain defenses or at least have been able to limit the jury's speculation." *Id.* The notice requirement is also meant to encourage possible settlement through negotiation. *Kent Nowlin Constr., Inc.*, 1987-NMSC-114, ¶ 18. In the context of an action involving personal injury, timely notice also informs the seller of a need to make changes in its product to avoid future injuries. *See* 4 Anderson U.C.C. § 2-607:198 (3d ed. 2016); *Wal-Mart Stores, Inc.*, 586 S.E.2d 83 at 86 (citing 4 Anderson, *supra*, § 2-607:198); *Maldonado*, 694 N.E.2d at 1025.

{21}    Factors to be considered in determining reasonableness of notice include the obviousness of the defect, the perishable nature of the goods, and possible prejudice to the seller from the delay. 18 Williston on Contracts, § 52:44 (4th ed. 2015). Prejudice to a seller has been found where the chance to fully investigate the circumstances of the accident and ascertain facts was lost by the passage of time. *Castro v. Stanley Works*, 864 F.2d 961, 964 (1st Cir. 1989). The test is not, as *Castro*

urges, that formal prejudice results *only* from a loss of substance, but rather, that prejudice may result when " 'evidence which may reasonably have been developed by prompt investigation has been lost.' " *Id.* (quoting *Morales v. Nat'l Grange Mut. Ins. Co.*, 423 A.2d 325, 329 (N.J. Super. Ct. Law Div. 1980)); *see Falcon Steel Co. v. Maryland Cas. Co.*, 366 A.2d 512, 518 (Del. Super. Ct. 1976).

{22}    Plaintiff's authority, *Maybank*, 273 S.E.2d at 684, reversed a directed verdict and permitted a three-year delay in giving notice. Unlike this case, *Maybank* was a products liability and negligence action filed within the tort statute of limitations. There, the North Carolina Supreme Court noted that in a case of personal injury, the purpose of the notice requirement would be defeated if "a delay operates to deprive the seller of a reasonable opportunity to discover facts which might provide a defense or which might lessen his liability[.]"*Id.* at 684. In *Maybank*, the plaintiff also had available the body of tort law that did not contain the stricter notice requirement of the UCC. The availability of tort remedies generally softens the requirements of the UCC's notice rule under Section 55-2-607. *E.g.*, Barkley Clark & Christopher Smith, 1 *The Law of Product Warranties*, § 9:6 (2015) ("[T]he availability of strict tort liability, without any duty of notification to the manufacturer, lessens the impact of the personal injury cases based on a warranty theory.").

{23} Moreover, in *Maybank*, 273 S.E.2d at 685, the North Carolina Supreme Court further stated the purpose of allowing leniency under Comment 4 for the retail customer is partly based in the assumption that under Section 25-2-607 of the North Carolina UCC, "[t]he injured consumer is seldom steeped in the business practice which justifies the rule, and at least until he has legal advice it will not occur to him to give notice to one with whom he has had no dealings." *Id.* (internal quotation marks and citation omitted). In this case, Plaintiff was represented by his present counsel as a result of the injuries presently complained of prior even to the expiration of the tort statute of limitations, and filed a worker's compensation action in March 2006. In the other case cited by Plaintiff, although absolving a subpurchaser from the late notice, the *Goldstein* court reaffirmed that "a buyer is required to give notice of breach . . . to his immediate seller." 378 N.E.2d at 1086.

{24} Plaintiff's choice to litigate under the UCC established his procedural and substantive rights. *See Badilla II*, 2015-NMSC-029. The Supreme Court of Rhode Island noted, in dismissing a warranty claim by a bartender injured by an exploding bottle of grenadine for lack of notice under Section 6A-2-607 of the Rhode Island UCC, that "[i]f litigants seek to prevail by relying on alternate theories of recovery, they may; but in so doing, they must touch all the bases as they present each theory." *Parrillo v. Giroux Co.*, 426 A.2d 1313, 1317 (R.I. 1981). In short, Plaintiff cannot

17

argue categorically that any notice given by a retail consumer within the UCC's statute of limitations is reasonable. Section 55-2-607 alone governs what is reasonable notice, and Plaintiff must fulfill that section's purposes to be able to claim reasonable notice was given. Clark and Smith sum it up succinctly: "The availability of strict tort as an alternative theory of recovery where personal injury is involved cuts in favor of requiring the buyer to jump through the Code notice hoop if he seeks to use a warranty theory because of a more favorable statute of limitations, or for some other reason." Clark & Smith, *supra*, § 9:6. The Supreme Judicial Court of Massachusetts decided under a provision like Section 55-2-607 that a notice in February of injury owing to a defective shoe the preceding October was unreasonable as a matter of law when the plaintiff lived in the same city and had usual means of communication available. *Bruns v. Jordan Marsh Co.*, 26 N.E.2d 368, 374 (Mass. 1940). With this legal background, we turn to the undisputed facts.

{25} Plaintiff admitted that he was aware that his boots were showing signs of wear prior to his accident, though he maintains that the defect that injured him was not apparent until the time of his injury. Plaintiff most certainly knew about the role that his boots played in his accident for more than three years prior to giving "notice" by way of filing a suit. Although represented by counsel regarding the accident within two years of its occurrence, his claim ran afoul of the three-year tort statute of

18

limitations despite his early knowledge of the breach and the injury it caused. Plaintiff could only avail himself of a remedy under the UCC to avail himself of the four-year statute. Plaintiff has not demonstrated the existence of any facts that would establish the reasonableness of his notice under Section 55-2-607, or his entitlement to the leniency given the retail buyer of goods based on his knowledge of the breach, or being bereft of legal advice in its regard.

{26}    The effect of the delay in giving notice is manifest in this case. Plaintiff nowhere states that the warranty statements or the boots Defendants' expert bought were identical to those he purchased. Plaintiff has lost possession of the original packaging and labeling of the boots, relying on his assertion that they were "[a] substantial equivalent" of those obtained by Defendants' expert witness in a later purchase of boots. The original content of the warranties Plaintiff alleges is lost as a result. Defendants lost an opportunity to be made aware of a defect in the boots that they might have corrected for the benefit of later buyers. A chance for more definitive evidence to support early settlement slipped away. The language of those labels is the basis for the express warranties under which he has filed this action. We hold that a plaintiff has the burden to plead the adequacy of notice as a prerequisite of recovery, and has the burden of proof to prove that adequate notice of the claim was provided to a defendant. When the facts demonstrate no justification for waiting three years

and two months, Plaintiff has failed to meet his burden. The commentary to Section 55-2-607 is unavailing because no good faith reason was shown for delay—Plaintiff's assertion that it was within the statute of limitations is inadequate as a matter of law.

{27} Under the undisputed facts of this case, Plaintiff failed to provide adequate or timely notice of Defendant's breach of any warranties, and his injury thereby under Section 55-2-607 as a matter of law, and his suit for damages should be dismissed.

{28} **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**